**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN R. ANTHONY, | } | |
| | } | No. 3:16-cv-00029-KRG |
| Plaintiff, | } | |
| | } | Judge Gibson |
| vs. | } | |
| | } | |
| TORRANCE STATE HOSPITAL, and | } | |
| BRAD SNYDER, *Individually, and acting* | } | |
| *in his capacity as Chief Executive Officer* | } | |
| *of Torrance State Hospital*, | } | |
| | } | *Electronically Filed.* |
| Defendants. | } | |

**ANSWER**

AND NOW, come the defendants, Torrance State Hospital and Snyder ("the Answering Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief, Litigation Section, and file the within Answer to Plaintiff's Complaint and, in support thereof, aver as follows:

**FIRST DEFENSE**

The Answering Defendants respond to Plaintiff's factual allegations as follows:

**JURISDICTION AND VENUE**

1.      Paragraph 1 is a statement of the present civil action, identifying the relief sought and the nature of the claims brought, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 1 are denied and strict proof is demanded.

2.      Paragraph 2 is a statement of the legal sources of the present claims, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 2 are denied and strict proof is demanded.

3.      Paragraph 3 is a conclusion of law with respect to this Court's subject matter jurisdiction over the instant claims, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 3 are denied and strict proof is demanded.

4.      Paragraph 4 is a statement of the relief sought and the legal basis for such relief, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 4 are denied and strict proof is demanded.

5.      Paragraph 5 is a legal conclusion regarding the award of attorneys fees and costs, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 5 are denied and strict proof is demanded.

6.      Paragraph 6 is a conclusion of law with respect to venue in this Court, to which no response is required.  However, to the extent an answer is required, all allegations of fact in Paragraph 6 are denied and strict proof is demanded.

### PARTIES

7.      Paragraph 7 is Admitted.

8.      Paragraph 8 is Admitted.

9.      Paragraph 9 is Admitted.

10.      Paragraph 10 is Denied as stated; accordingly, all allegations of fact in Paragraph 10 are denied and strict proof is demanded.

### COUNT I:
### RACE DISCRIMINATION

11.      Paragraph 11 is a statement of incorporation to which no answer is required. However, to the extent a response is deemed required, the same is denied or admitted as previously indicated by the Answering Defendants.

12.      Paragraph 12 is Admitted.

13.     Paragraph 13 is Admitted.  By way of further answer, it is averred that several other employees reported activity which was consistent with or tended to corroborate Nurse Poe's report.

14.     Paragraph 14 is Denied as stated; however, it is Admitted that Plaintiff was advised that he was suspended pending investigation based on the report made by Nurse Poe.

15.     Paragraph 15 is Denied as stated; however, it is Admitted that Plaintiff was advised that he was terminated by letter dated December 29, 2014.  It is averred that Plaintiff's termination was effective December 31, 2014.  By way of further answer, it is averred that Plaintiff was afforded a Pre-Disciplinary Conference (PDC) prior to receiving notice of his termination.  It is further averred that as part of this process, Plaintiff was given notice of the charges against him and an opportunity to respond to these charges.

16.     Paragraph 16 is Denied as stated; however, it is Admitted that Plaintiff filed a State Civil Service Appeal on or about January 21, 2015, and it is Admitted that Plaintiff was subsequently reinstated into his position at Torrance State Hospital.  All other allegations of fact in this paragraph are denied and strict proof is demanded.

17.     Paragraph 17 is Denied as stated; however, it is Admitted that Plaintiff was subsequently reinstated into his position at Torrance State Hospital.  All other allegations of fact in this paragraph are denied and strict proof is demanded.

18.     After reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations as stated in Paragraph 18.  Accordingly, they are denied and strict proof is demanded at time of trial.

19.     After reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations as stated in Paragraph 19.  Accordingly, they are denied and strict proof is demanded at time of trial.

20.     After reasonable investigation, the Answering Defendants are without sufficient information to be able to admit or deny the facts comprising the allegations as stated in Paragraph 20.  Accordingly, they are denied and strict proof is demanded at time of trial.  By way of further answer, it is averred that the Answering Defendants were not directing or in control of the State Civil Service Appeal and thus had no impact on the timing of this appeal.

21.     Paragraph 21 is a conclusion of law to which no responsive pleading is necessary; however, to the extent Paragraph 21 avers any facts, the same are denied and strict proof is demanded at time of trial.

22.     Paragraph 22 is a conclusion of law to which no responsive pleading is necessary; however, to the extent Paragraph 22 avers any facts, the same are denied and strict proof is demanded at time of trial.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

**SECOND DEFENSE**

The Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Plaintiff's own conduct caused any injuries or damages that he may have suffered.

**FOURTH DEFENSE**

The Plaintiff was not deprived of any rights under Title VII (42 U.S.C. §§ 2000e *et seq.*).

4

## FIFTH DEFENSE

The Plaintiff was not deprived of any rights under Section 1981 or under the Fourteenth Amendment to the United States Constitution.

## SIXTH DEFENSE

The Plaintiff failed to properly exhaust all claims through available administrative processes.

## SEVENTH DEFENSE

The Answering Defendants are protected by Eleventh Amendment against certain claims in the Complaint, including but not limited to those claims brought against them in their official capacity.

## EIGHTH DEFENSE

The Answering Defendants are entitled to all immunities and protections under both federal and state law, including sovereign immunity and qualified immunity.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

Respectfully submitted,

BRUCE L. CASTOR
Solicitor General, Office of Attorney General

BRUCE R. BEEMER
First Deputy Attorney General


Office of Attorney General                      ___s/ Scott A. Bradley_____
6th Floor, Manor Complex                    Scott A. Bradley
564 Forbes Avenue                               Senior Deputy Attorney General
Pittsburgh, PA 15219                            Attorney I.D. No. 44627
Phone: (412) 565-3586
Fax:    (412) 565-3019                           Kenneth L. Joel
                                                          Chief Deputy Attorney General
                                                          Litigation Section


Date:  June 17, 2016

6