**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN R. ANTHONY,              } | |
|                               } | No. 3:16-cv-00029-KRG |
|           Plaintiff,          } | |
|                               } | Judge Gibson |
|       vs.                     } | |
|                               } | |
| TORRANCE STATE HOSPITAL, and  } | |
| BRAD SNYDER, *Individually, and acting* } | |
| *in his capacity as Chief Executive Officer* } | |
| *of Torrance State Hospital*, } | |
|                               } | ***Electronically Filed.*** |
|           Defendants.         } | |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. <u>Statement of the Case</u>**

Plaintiff, John R. Anthony ("Anthony"), has filed the instant action against his current employer, Torrance State Hospital and its Chief Executive Officer, Brad Snyder. Anthony claims that he was subjected to discrimination based on race in his employment. Torrance State Hospital is operated by the Pennsylvania Department of Human Services ("DHS"). Anthony has been employed as a Psychiatric Aide by DHS at Torrance State Hospital since March 22, 2010. Complaint, at ¶ 12. Following allegations by another employee that Anthony was stealing milk cartons from the facility, Anthony was subjected to discipline which culminated in his termination from employment on December 29, 2014. Complaint, at ¶¶ 13-15.

Anthony filed and pursued his legal rights under the State Civil Service Appeal process and was subsequently reinstated to his position as a Psychiatric Aide on September 20, 2015. Complaint, at ¶¶ 16-17. Nevertheless, Anthony, an African American, now claims that the Defendants were motivated by racial bias when imposing the discipline which resulted in his suspension and termination from employment. Complaint, at ¶¶ 18-21. Anthony specifically

alleges that he "was treated differently from his Caucasian counterparts … and because of that, race discrimination was exhibited.  Complaint, at ¶ 21.

The Defendants now move for judgment on several of the claims in Anthony's Complaint.

## II.      Standard of Review

This Court has set forth the appropriate standard for consideration of a motion for judgment on the pleadings:

> Under Fed.R.Civ.P. 12(c), judgment on the pleadings is only appropriate in favor of defendants when they 'clearly establish[ ] that no material issue of fact remains to be resolved' such that they are 'entitled to judgment as a matter of law.'  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)(internal quotation omitted).   When reviewing a motion for judgment on the pleadings, a court must view the facts in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. Allah, 226 F.3d at 249.  In other words, a district court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6), but may also review the answer and instruments attached to the pleadings.  Brautigam v. Fraley, 684 F.Supp.2d 589, 591-92 (M.D.Pa. 2010).   Accordingly, the Third Circuit's explanation that a district court must take three steps to determine the sufficiency of a complaint when analyzing a motion to dismiss for failure to state a claim also applies here:
>
> > First, the Court must "take[ ] note of the elements a plaintiff must plead to state a claim." Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

> Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011)(quoting
> Ashcroft v. Iqbal, 556 U.S. 662, 675, 679, 129 S.Ct. 1937, 173
> L.Ed.2d 868 (2009))(internal citations omitted).
>
>   The third step of the sequential evaluation requires this Court to
> consider the specific nature of the claim(s) presented and to
> determine whether the facts pled to substantiate the claims are
> sufficient to show a "plausible claim for relief." See Iqbal, 556
> U.S. at 679.   In short, like a motion to dismiss, a motion for
> judgment on the pleadings should not be granted if a party alleges
> facts which could, if established at trial, entitle her to relief.  See
> Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009).

Snyder v. Daugherty, 899 F.Supp.2d 391, 400-401 (W.D.Pa. 2012).  See also Degenes v. F.B.I., 2012 WL 4478358 (W.D.Pa. 2012)("'[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings .... The motion ... only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.'")(*quoting* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 206-208 (3d ed. 2004)).

## III.   Argument

### A. The Defendants are entitled to judgment on several of the claims in Plaintiff's Complaint.

Anthony has filed a counseled complaint asserting violations of his employment rights following his termination.  The Complaint asserts a claim of Race Discrimination in a single count.  See Complaint, at Count I (¶¶ 11-22).  Within this count, Anthony specifically identifies a due process claim under the Fourteenth Amendment.  See Complaint, at ¶ 22.  Elsewhere, Anthony asserts that the instant claims are brought pursuant to "Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. Section

3

1981(a)."   See Complaint, at ¶ 3.   Initially, the Defendants assert that they are entitled to judgment on certain of Plaintiff's claims.  These arguments will be addressed *seriatim*:

### i. Torrance State Hospital is entitled to judgment on certain claims because of its immunity under the Eleventh Amendment.

As, indicated above, when fairly construed, Anthony's Complaint asserts claims under Title VII, Section 1981 and a Fourteenth Amendment Due Process claim.  See Complaint, at ¶¶ 2-6, 22.  While Anthony has likely made sufficient allegations to proceed against Torrance State Hospital ("Torrance" or "the Hospital") on his Title VII claim, the Hospital is able to interpose Pennsylvania's immunity as conferred on the States by the Eleventh Amendment against Anthony's Section 1981 and Fourteenth Amendment Due Process claims where such claims are necessarily advanced pursuant to Section 1983.  See Montano v. Trinity Area School District, 2015 WL 5039410, *3 (W.D.Pa. 2015)("Section 1983 does not confer substantive rights or create jurisdiction, but rather jurisdiction arises under other statutes if there is a violation of a federal constitutional rights").

Torrance is operated by the Pennsylvania Department of Human Services.[1]  See, e.g., Nelson v. W.C.A.B. (Com.), 2015 WL 8538920, *1 (Pa. Cmwlth. 2015); In re Kingsley, 181 B.R. 225, 228 (W.D.Pa. 1995).  Consequently, Torrance shares in the immunity conferred on the States and its agencies and officials under the Eleventh Amendment.  See Betts v. New Castle Youth Development Center, 621 F.3d 249, 253 (3d Cir. 2010)(finding that Pennsylvania Department of Public Welfare was entitled to assert Pennsylvania's immunity under the Eleventh Amendment).

---

[1] In 2014, Pennsylvania changed the name of its Department of Public Welfare to the Department of Human Services.  See 62 P.S. § 103 (a)("The Department of Public Welfare shall be known as the Department of Human Services"), added 2014, Sept. 24, P.L. 2458, No. 132, § 2, effective in 60 days [Nov. 24, 2014].

4

In Machon v. Pennsylvania Department of Public Welfare, 847 F.Supp.2d 734 (E.D.Pa. 2012), the court was presented with claims by an employee at Norristown State Hospital that he was unfairly subjected to discipline and ultimately terminated because of his gender. The defendants argued that certain claims brought under Section 1983 against the Department were barred by the Eleventh Amendment. Initially, after concluding that "[t]he Department of Public Welfare is a Pennsylvania state agency," the court set forth the applicable law:

> The Eleventh Amendment restricts private lawsuits against the states and their agencies. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253 (3d Cir. 2010). There are only three exceptions. First, states may waive their immunity and consent to be sued. See Alden v. Maine, 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Second, Congress may abrogate the states' immunity so long as it 'both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.' Bd. of Trustees v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Third, the federal courts can issue an injunction against a state officer if there is evidence of ongoing violations of federal law and the injunction will afford a plaintiff prospective relief from the illegal state action. See Seminole Tribe v. Florida, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

Machon v. Pennsylvania Department of Public Welfare, 847 F.Supp.2d at 743.

The court then concluded that "[i]n this case, none of these exceptions apply." Id.

> Pennsylvania has not waived its immunity to suit. See 42 Pa. Const. Stat. § 8521(b). Congress did not abrogate the Eleventh Amendment when it passed § 1983. See Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). DPW is not a state officer. Rather, DPW is 'entitled to Eleventh Amendment immunity because it is an administrative agency without existence apart from the Commonwealth.' Betts, 621 F.3d at 254-55. Therefore, this court lacks subject matter jurisdiction to hear claims filed against DPW. Consequently, I will dismiss all claims against DPW.

Machon v. Pennsylvania Department of Public Welfare, 847 F.Supp.2d at 743-744. See Cohen v. Chester County Department of Mental Health/Intellectual Disabilities Services, 2016 WL

3031719, *11 (E.D.Pa. 2016)("The Commonwealth agencies, DHS and ODP, are 'arms of the state' and therefore protected by state sovereign immunity under the Eleventh Amendment"). See also Joseph v. Pennsylvania Department of Public Welfare, 602 F.App'x 898, 901 (3d Cir. 2015); Khan v. Department of Public Welfare, 2012 WL 4355490, *2 (E.D.Pa. 2012).

Finally, the court noted that "in Will v. Michigan Dept. of State Police, the Supreme Court held that states are not 'persons' for purposes of § 1983. 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)." Machon v. Pennsylvania Department of Public Welfare, 847 F. Supp. 2d at 744 n. 8.

Thus, because the same situation is essentially presented herein –an employee of a State Hospital operated by DHS is suing the Hospital under Section 1983– Anthony's due process claims under the Fourteenth Amendment are barred by the Eleventh Amendment. Accordingly, Torrance State Hospital would be entitled to judgment on all such claims. Moreover, because Anthony also must necessarily pursue his Section 1981 claim through Section 1983, the Hospital is also entitled to judgment on any claims asserted against it under Section 1981.

Indeed, in McGovern v. City of Philadelphia, 554 F .3d 114 (3d Cir. 2009), the Third Circuit concluded that "because Congress neither explicitly created a remedy against state actors under § 1981(c), nor expressed its intent to overrule Jett,[2] we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.' Jett, 491 U.S. at 733. Accordingly, [plaintiff's] § 1981 claim must fail." McGovern v. City of Philadelphia, 554 F.3d at 121. McGovern thus makes clear that Anthony must rely upon Section 1983 to pursue damages for

---

[2] "In Jett v. Dallas Independent School District, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court held that § 1981, while providing extensive rights, does not itself provide a remedy against state actors. Id. at 731, 109 S.Ct. 2702." McGovern v. City of Philadelphia, 554 F.3d at 116.

any violation of rights secured under 42 U.S.C. § 1981.  Yet, as set forth above, Anthony cannot pursue a claim against Torrance State Hospital under Section 1983 because of its Eleventh Amendment immunity.  Thus, Torrance State Hospital is also entitled to judgment on all claims asserted against it under Section 1981.

> **ii.      Defendant Snyder is entitled to judgment on the Title VII claims asserted against him because Congress did not intend to hold individual employees liable under Title VII.**

In addition to identifying his employer, Torrance State Hospital, as a defendant in this action, Anthony has also named its Chief Executive Officer, Brad Snyder, as a defendant.  Yet, other than identifying his position and generally alleging the nature of his duties, *see* Complaint, at ¶¶ 9-10, Anthony has not provided any specific allegations regarding what role Defendant Snyder played in the discipline process which ended with Anthony's suspension and termination.

Nevertheless, to the extent that Anthony is asserting a claim under Title VII against Defendant Snyder, this defendant is entitled to judgment.  Indeed, as the Third Circuit recently confirmed, Title VII claims against individual defendants are properly dismissed "because Title VII provides a cause of action only against employers."  Nardella v. Philadelphia Gas Works, 621 F.App'x 105, 107 (3d Cir. 2015)(*citing* Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996)(*en banc*)("we are persuaded that Congress did not intend to hold individual employees liable under Title VII")).  See also Tann v. U.S. Steel Corp., 2015 WL 3609913, *4 (W.D.Pa. 2015)(granting motion to dismiss Title VII claims alleged against the individual defendants); Obotetukudo v. Clarion University, 2014 WL 3870003, *5 (W.D. Pa. 2014)(finding that "only Clarion University is an appropriate defendant with respect to the Title VII claims").  Consequently, Defendant Snyder is entitled to judgment on any claims asserted against him under Title VII.

**iii.    Defendant Snyder is entitled to judgment on Plaintiff's Fourteenth Amendment Due Process and Section 1981 claims because Plaintiff has not made sufficient allegations personal involvement in the alleged discrimination.**

It is axiomatic that for purposes of a Section 1983 claim, a plaintiff must allege that each named defendant was personally involved in the underlying misconduct.   Indeed, as recently articulated by one court:

> It is well established that a defendant must have personal involvement in the alleged wrongs to be held liable for a violation of a plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). 'Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence,' but importantly such allegations 'must be made with appropriate particularity.' Id.

W. v. McFadden, 2016 WL 1449239, *2 (E.D.Pa. 2016).  See Bush v. Department of Human Services, 614 F.App'x 616, 620 (3d Cir. 2015)(*citing* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(to establish civil rights violation, defendant must have personal involvement in alleged wrongdoing).  See also Wadis v. Norristown State Hospital, 617 F.App'x 133, 136 (3d Cir. 2015).

Anthony's Complaint reveals two claims brought under Section 1983: a Due Process claim brought under the Fourteenth Amendment, see, e.g., Simcic v. Pittsburgh Water & Sewer Authority, 605 F.App'x 88, 91 (3d Cir. 2015)("42 U.S.C. § 1983 provides a remedy for the deprivation of rights guaranteed by the Constitution, including procedural due process rights arising under the Fourteenth Amendment"); and a Section 1981 claim, see, e.g., McGovern v. City of Philadelphia, 554 F .3d 114, 121 (3d Cir. 2009)(holding that Section 1983 constitutes the exclusive federal remedy against state officials for violation of rights guaranteed by Section 1981).

While Anthony has generally described the circumstances surrounding his suspension and termination from employment, <u>see</u> Complaint, at ¶¶ 12-15, along with the assertion that in his capacity as the Chief Executive Officer of Torrance State Hospital, Defendant Snyder "was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees at Torrance State Hospital," <u>see</u> Complaint, at ¶ 10, he has not sufficiently alleged Defendant Snyder's personal involvement in the specific events that resulted in *his* suspension and termination. Nor has Anthony presented any allegations which would suggest that any action or decision actually made by Defendant Snyder with respect to Anthony was based on or motivated by Anthony's race. Thus, Anthony has failed to adequately allege any claim against Defendant Snyder under Section 1983. Accordingly, Defendant Snyder is entitled to judgment on all such claims, including Anthony's Fourteenth Amendment Due Process claim and any claim under Section 1981.

## IV.   Conclusion

WHEREFORE, it is respectfully requested that the instant motion be granted and that Judgment be entered in favor of Torrance State Hospital and against Plaintiff on all claims under Section 1983, including any Fourteenth Amendment Due Process claim and any claim under Section 1981; and that Judgment be entered in favor of Defendant Brad Snyder and against Plaintiff on all claims under Title VII and Section 1983, including any Fourteenth Amendment Due Process claim and any claim under Section 1981.

Respectfully submitted,

BRUCE L. CASTOR
Solicitor General, Office of Attorney General

BRUCE R. BEEMER
First Deputy Attorney General

   s/ Scott A. Bradley

Office of Attorney General       Scott A. Bradley
6th Floor, Manor Complex       Senior Deputy Attorney General
564 Forbes Avenue       Attorney I.D. No. 44627
Pittsburgh, PA 15219
Phone: (412) 565-3586       Kenneth L. Joel
Fax:   (412) 565-3019       Chief Deputy Attorney General
      Litigation Section

Date: June 17, 2016