## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN R. ANTHONY,                      :

           Plaintiff,             : No. 3:16-cv-00029-KRG

      vs.                       : Judge Kim R. Gibson

TORRANCE STATE HOSPITAL, and    :
BRAD SNYDER, *Individually, and acting*  
*in his capacity as Chief Executive Officer*   :
*of Torrance State Hospital,*

          Defendants.       : ***Electronically Filed.***

## BRIEF IN RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

AND NOW, comes the Plaintiff, JOHN R. ANTHONY, by and through his attorneys, JEROME J. KAHARICK and ASSOCIATES, and files the following Brief in Response to Defendants' Motion for Judgment on the Pleadings and in support thereof states as follows:

### FACTS

Plaintiff, John Anthony, is a citizen and resident of the United States and the State of Pennsylvania, presently residing at 169 Berkley Road, Johnstown, County of Cambria 15748 and is an African American. Defendant, Torrance State Hospital, located at 121 Longview Drive, P.O. Box 111, Torrance, Pennsylvania 15779, is a State facility for people with mental illness. Torrance State Hospital's current employee compliment is at 660 staff with 301 individuals residing with the facility and at all times mentioned herein, employed the Plaintiff. Defendant, Brad Snyder, located at 121 Longview Drive, P.O. Box 111, Torrance, PA 15779, is the Chief Executive Officer of

Torrance State Hospital.   In that capacity, the Defendant, Brad Snyder, was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees of Torrance State Hospital.

The Plaintiff was employed by the Defendant since March 22, 2010, and worked in the capacity as a Psychiatric Aide in Torrance State Hospital. On October 21, 2014, Registered Nurse, Worthy Poe, claimed to have seen the Plaintiff removing milk cartons from the facility.   On October 22, 2014, on the basis of allegations previously mentioned and with no substantive investigation, the Plaintiff was suspended from his position as a Psychiatric Aide.   The Plaintiff was terminated from his position as a Psychiatric Aide on December 29, 2014.   Two other individuals, Caucasian males, who had committed infractions that were much more serious than the Plaintiff's, were treated in a favorable manner in that they were suspended for a short period of time and then given their jobs back summarily.   The Plaintiff had to wait a substantial period of time, i.e., one (1) year, to be reinstated to his position.   The Plaintiff maintains that this protracted time period occurred because of his race.

The investigation, suspension, and termination practices of the Defendants described above denied the Plaintiff under Title VII of the United States Code, 42 U.S.C. 2000(e) et seq. and other federal statutes, in that the practices by the Defendants discriminated against the Plaintiff on the basis of race or color in seeking employment status with Torrance State Hospital.

## ISSUE

WHETHER PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD

BE GRANTED?

**ARGUMENT**

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD NOT BE

GRANTED.

Under Federal Rule of Civil Procedure 12(c), a Judgment on the Pleadings is appropriate when the Defendants have established that there is no material issue of fact and they are entitled to Judgment as a matter of law. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).   The Court must take cognizance of three factors in reviewing the Motion:

    1.   Identifying the elements of the claim; and

    2.   Reviewing the complaint to strike purely conclusory allegations; and

    3.   Looking at all well pleaded components of the complaint as to whether all the elements of the inquiry are detailed and are alleged sufficiently.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted).

The 12(c) Motion looks at all the material facts in the light most favorable to the non-moving party, i.e., the Plaintiff in the instant case, in resolving the issue. U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002)

The Plaintiff in this matter filed a complaint regarding racial discrimination under 42 U.S.C. Section 2000(e) et seq.   That provision provides in part that under 2000(e)-2 that it is unlawful for an employer to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individuals race, color, religion,

sex, or national origin.   In the instant matter, the Plaintiff has made out a plausible claim of race discrimination under Title VII.   In fact, the Defendants acknowledge in their brief that the Plaintiff has likely made sufficient allegations to proceed against Torrance State Hospital on his Title VII claim.

In the case of Obotetukudo v. Clarion University, 2014 WL 3870003, *5 (W.D. Pa. 2014) the Court held in a case involving Title VII and the Eleventh Amendment, that it is undisputed that Clarion University is an employer within the meaning of Title VII and the Plaintiff is an employee entitled to statutory protection under 42 U.S.C. 2000(e).   This case involved a charge of race discrimination and other discriminatory conduct on behalf of Clarion University, a State University against an employee, i.e., the Plaintiff in this case who was a professor.

As in Obotetukudo v. Clarion University, 2014 WL 3870003, *5 (W.D. Pa. 2014), Id, the employer is Torrance State Hospital and the employee is John R. Anthony.   The Plaintiff has satisfied the conditions of U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) and the Defendants acknowledge a plausible claim under Title VII of race discrimination.   At a minimum, all of the Title VII allegations that the Plaintiff has made against the Defendants, are preserved.   As such, the Defendants' Motion for Judgment on the Pleadings, as to any claim involving Title VII, i.e. and all claims made by the Plaintiff of unlawful discrimination based on race, must proceed to Trial on merits.

## CONCLUSION

WHEREFORE, for the reasons stated above the Plaintiff asks this Court to deny the Defendants' Motion for Judgment on the Pleadings.   If the Court finds the argument of the Defendants persuasive, the Plaintiff requests leave to amend Complaint.

Respectfully submitted,

**JEROME J. KAHARICK and ASSOCIATES**

/s/ Jerome J. Kaharick
Jerome J. Kaharick, Attorney for Plaintiff
Pa. I.D. No. 61950
142 Gazebo Park, Suite 301
Johnstown, PA 15901
(814) 539-6789
(814) 539-5934 *(facsimile)*
jkaharick@atlanticbb.net