IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ANTHONY, ) | |
| ) | CIVIL ACTION NO. 3:16-29 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| TORRANCE STATE HOSPITAL, and ) | |
| BRAD SNYDER, *Individually, and* ) | |
| *acting in his capacity as Chief Executive* ) | |
| *Officer of Torrance State Hospital,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

I.  Introduction

This action comes before the Court upon a partial motion for judgment on the pleadings filed by Defendants. (ECF No. 9.) Defendants request that judgment be entered in favor of Defendant Torrance State Hospital and against Plaintiff on all claims brought under 42 U.S.C. §§ 1981 and 1983, and that judgment be entered in favor of Defendant Brad Snyder and against Plaintiff on all claims. For the reasons that follow, Defendants' motion for judgment on the pleadings will be **GRANTED**. However, Plaintiff's Title VII claim against Defendant Torrance State Hospital will go forward.

II.  Jurisdiction

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b).

III.   **Background**

This case involves allegations of race-based discrimination against Plaintiff during the course of his employment at Torrance State Hospital. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

Plaintiff John R. Anthony began working as a Psychiatric Aide at Torrance State Hospital on March 22, 2010. (ECF No. 1 ¶ 12.) On October 21, 2014, Worthy Poe, a registered nurse at the hospital, claimed to have seen Plaintiff stealing milk cartons from the facility. (*Id.* ¶ 13.) On the basis of this allegation and with no substantive investigation, Plaintiff was suspended the next day and ultimately terminated on December 29, 2014. (*Id.* ¶¶ 14-15.) Plaintiff filed an appeal with the Pennsylvania State Civil Service Commission. (*Id.* ¶ 16.) The Commission found that the allegations against him were unsubstantiated and Plaintiff was reinstated to his position on September 20, 2015. (*Id.* ¶¶ 16-17.)

Plaintiff is African-American. (*Id.* ¶ 7.) Two Caucasian employees committed infractions that were more serious than Plaintiff's alleged misconduct. (*Id.* ¶ 18.) These employees were treated more favorably in that they received only short suspensions. (*Id.*) Plaintiff alleges that his initial termination and the protracted time period before his reinstatement were the result of race discrimination. (*Id.* ¶¶ 20-22.)

Plaintiff filed this action on January 29, 2016, naming Torrance State Hospital and its Chief Executive Officer, Brad Snyder, as defendants. Although styled as a single count for race discrimination, the complaint references Title VII, § 1981, and Plaintiff's due process rights

2

under the Fourteenth Amendment. (*Id.* ¶¶ 2, 4, 22.) Therefore, the Court construes the complaint as bringing claims under Title VII, § 1981, and § 1983.

Defendants filed a motion for judgment on the pleadings seeking dismissal of all except one of the claims contained in Plaintiff's complaint, along with a supporting brief, on June 17, 2016. (ECF Nos. 9, 10.) Plaintiff filed a response and a brief in reply to Defendants' motion on July 7, 2016, (ECF Nos. 12, 13), and this matter is now ripe for disposition.

### IV. Standard of Review

"The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Zion v. Nassan*, 283 F.R.D. 247, 254 (W.D. Pa. 2012). Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6), (h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." FED. R. CIV. P. 12(b), (c). A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings. *Perelman v. Perelman*, 919 F. Supp. 2d 512, 521 (E.D. Pa. 2013).

### V. Discussion

Defendants seek dismissal of the § 1981 and § 1983 claims brought against Torrance State Hospital, and all claims brought against Defendant Snyder. (ECF Nos. 9, 10.) Defendants

3

concede that Plaintiff "has likely made sufficient allegations to proceed" on his Title VII claim against Torrance State Hospital. (*Id.* at 4.) Although Plaintiff opposes Defendants' motion, (ECF No. 12 at 2), Plaintiff does not counter any of Defendants' legal arguments, (*see* ECF No. 13).

### A. Claims Against Torrance State Hospital

#### 1. § 1983

Defendants argue that Eleventh Amendment sovereign immunity shields Torrance State Hospital from Plaintiff's § 1983 claim. (ECF No. 10 at 4-6.) The facility is operated by the Pennsylvania Department of Human Services. *See Nelson v. W.C.A.B. (Com.)*, 2015 WL 8538920, at *1 (Pa. Commw. Ct. Dec. 10, 2015). The Pennsylvania Department of Human Services is entitled to assert Pennsylvania's Eleventh Amendment immunity. *Betts v. New Castle Youth Dev. Ctr.*, 621 F. 3d 249, 254-56 (3d Cir. 2010). There are three exceptions to sovereign immunity, none of which are applicable to this case. Pennsylvania has not waived its sovereign immunity, Congress did not abrogate the Eleventh Amendment when it passed § 1983, and the Department is not a state officer. *Machon v. Pennsylvania Dep't of Pub. Welfare*, 847 F. Supp. 2d 734, 743-44 (E.D. Pa. 2012) (similar § 1983 claims relating to unfair discipline and termination brought by an employee at another state hospital did not meet any of the three exceptions and were barred on sovereign immunity grounds). Therefore, the Court must dismiss the § 1983 claim against Torrance State Hospital.

#### 2. § 1981

Defendants argue that Plaintiff's § 1981 claim against Torrance State Hospital should also be dismissed because it necessarily relies on the § 1983 claim. (ECF No. 10 at 6-7.) Because

§ 1981 did not create a remedy against state actors, a plaintiff seeking to recover from state actors for violation of rights protected by § 1981 must do so through § 1983. *McGovern v. City of Philadelphia*, 554 F. 3d 114, 120-21 (3d Cir. 2009) ("we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Since Plaintiff's § 1983 claim against Torrance State Hospital is barred on sovereign immunity grounds, Plaintiff cannot recover under § 1981. Therefore, the § 1981 claim against Torrance State Hospital will be dismissed.

## B. Claims Against Defendant Snyder

### 1. Title VII

Defendants argue that Plaintiff can only bring a Title VII claim against Torrance State Hospital, and not its Chief Executive Officer. (ECF No. 10 at 7.) It is well established that individual employees cannot be held liable under Title VII. *See, e.g., Nardella v. Phila. Gas Works*, 621 F. App'x. 105, 106 n. 1 (3d Cir. 2015) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F. 3d 1061, 1077-78 (3d Cir. 1996) (*en banc*)). Therefore, to the extent a Title VII claim is brought against Defendant Snyder, it will be dismissed.

### 2. § 1983 and § 1981

Defendants argue that the § 1983 claim against Snyder should be dismissed because the complaint fails to allege that he had any personal involvement in the events at issue. (ECF No. 10 at 8-9.) "It is well established that a defendant must have personal involvement in the alleged wrongs to be held liable for a violation of a plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983." *W. v. McFadden*, No. CV 14-5210, 2016 WL 1449239, at *2 (E.D. Pa. Apr. 13,

5

2016) (citing *Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1998)).  A plaintiff can show personal involvement through specific allegations of "personal direction or of actual knowledge and acquiescence."  *Id.*; *see also, Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005).

Plaintiff alleges only that, in his capacity as Chief Executive Officer, Snyder "was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees at Torrance State Hospital."  (ECF No. 1 ¶¶ 9-10.)  This sole reference to Snyder appears in the section of the complaint titled "Parties" and there is no reference to Snyder in the section detailing the allegations of discrimination.  (*See id.* ¶¶ 9-22.)  Aside from the fact that Snyder is in charge of the Hospital generally, and the conclusory statement that he is "responsible" for all employment decisions, the complaint contains no specific allegations of "personal direction or actual knowledge and acquiescence" by Snyder.  *See Bush v. Dep't of Human Servs.*, 614 F. App'x 616, 620 (3d Cir. 2015) ("conclusory statement that all of these defendants were 'directly involved'" was insufficient to plead personal involvement).  Because Plaintiff fails to allege personal involvement, the § 1983 claim against Defendant Snyder will be dismissed.

As already discussed, alleged violations of rights protected by § 1981 by state actors must be pursued through § 1983.  *McGovern*, 554 F. 3d at 120-21.  Since Plaintiff's § 1983 claim against Snyder will be dismissed, so will any § 1981 claim brought against Snyder.

VI.  **Leave to Amend**

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be

6

inequitable or futile." *Phillips v. County of Allegheny*, 515 F. 3d 224, 245 (3d Cir. 2008); *see also Woodend v. Lenape Regional High School Dist.*, 535 F. App'x 164, 168 (3d Cir. 2013) (leave to amend and futility assessed using the same standard when granting a motion for judgment on the pleadings). Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chem. Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court will grant Plaintiff leave to amend with respect to the § 1983 claim and any § 1981 claim against Defendant Snyder. However, the Court finds that any amendment to the § 1981 and § 1983 claims against Torrance State Hospital and the Title VII claim against Defendant Snyder would be futile pursuant to the well-settled law discussed above.

**VII.     Conclusion**

For the reasons stated above, the Court will grant Defendants' motion for judgment on the pleadings. All of Plaintiff's claims, except the Title VII claim against Torrance State Hospital, will be dismissed. The Court will grant Plaintiff leave to amend his complaint with respect to the § 1983 claim and any § 1981 claim against Defendant Snyder only, as set forth in the Order.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. ANTHONY, | ) | |
| | ) | CIVIL ACTION NO. 3:16-29 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TORRANCE STATE HOSPITAL, and | ) | |
| BRAD SNYDER, *Individually, and* | ) | |
| *acting in his capacity as Chief Executive* | ) | |
| *Officer of Torrance State Hospital,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 1st day of September, 2016, upon consideration of Defendants' partial motion for judgment on the pleadings (ECF No. 9), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED**. Plaintiff's § 1981 and § 1983 claims against Defendant Torrance State Hospital, and Plaintiff's Title VII claim against Defendant Brad Snyder are dismissed with prejudice. Plaintiff's § 1981 and § 1983 claims against Defendant Brad Snyder are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff is granted 14 days from September 1, 2016, to file an amended complaint with respect to the § 1981 and § 1983 claims against Defendant Brad Snyder.

Plaintiff's Title VII claim against Defendant Torrance State Hospital will go forward.

BY THE COURT:

*[signature: Kim R. Gibson]*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE